**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000602
12-MAR-2025
07:49 AM
Dkt. 109 SO**

NO. CAAP-23-0000602

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SHERMAN TILLMAN, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NOS. 1CPC-20-0000176 and 1CPC-22-0001280)

## SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Sherman Tillman (**Tillman**) appeals from the Order of Resentencing, Revocation of Probation, Notice of Entry (**Resentencing Order**), filed on August 24, 2023 in 1CPC-20-0000176, and the Amended Judgment of Conviction and Sentence, Notice of Entry (**Judgment of Conviction**), filed on September 12,

2023 in 1CPC-22-0001280[1] by the Circuit Court of the First Circuit (**circuit court**).[2]

The State filed a Felony Information in October 2022, charging that,

> [Tillman] did intentionally or knowingly cause bodily injury to Gene Spurgeon [complaining witness (**CW**)], a person who is sixty years of age or older and the age of [CW] was known or reasonably should have been known to [Tillman], thereby committing the offense of Assault in the Second Degree, in violation of Section 707-711(1)(m) of the Hawaiʻi Revised Statutes [(**HRS**)].[3]  The bodily injury alleged in this case is using two hands to shove [CW] in the chest onto the ground.  "Bodily injury" means physical pain, illness, or any impairment of physical condition.

The jury found Tillman guilty of this charge, and the circuit court entered the Judgment of Conviction.

---

[1]     Tillman improperly filed a single notice of appeal, in CAAP-23-0000602, appealing the Judgment of Conviction entered in 1CPC-22-0001280 and the Resentencing Order entered in a separate circuit court case, 1CPC-20-0000176.  Notwithstanding this procedural defect, we herein exercise this court's discretion to address the points of error raised by Tillman in this timely filed appeal.  See Hawaiʻi Rules of Appellate Procedure Rule 3(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the appellate court deems appropriate[.]"); see also State v. Graybeard, 93 Hawaiʻi 513, 518, 6 P.3d 385, 390 (App. 2000) ("[O]ur appellate courts have ignored formal jurisdictional defects that are due to the derelictions of a criminal defendant's attorney.") (citations omitted).

[2]     The Honorable Kevin A. Souza presided over 1CPC-20-0000176 and 1CPC-22-0001280.

[3]     HRS § 707-711(1)(m) (Supp. 2021) provides, in relevant part,

> (1)   A person commits the offense of assault in the second degree if the person:
> . . . .
>
> (m) Intentionally or knowingly causes bodily injury to a person who is sixty years of age or older and the age of the injured person is known or reasonably should be known to the person causing the injury[.]

Following Tillman's conviction in 1CPC-22-0001280, the State moved for revocation of Tillman's probation in 1CPC-20-0000176. The State argued that Tillman violated the terms and conditions of his probation by committing the offense for which he was convicted in 1CPC-22-0001280. The circuit court granted the motion on this basis and entered the Resentencing Order.

On appeal, Tillman raises the following points of error: (1) the prosecutor committed "harmful misconduct" during closing argument and by "eliciting and introducing inadmissible hearsay evidence" during trial; (2) the circuit court "committed plain error in allowing inadmissible hearsay evidence into evidence in violation of [Tillman's] constitutional right to confrontation"; (3) Tillman's trial counsel violated his constitutional right to effective assistance of counsel; and (4) the circuit court "erred in utilizing Tillman's acquitted conduct in sentencing and resentencing him to open terms of imprisonment."[4] Tillman also makes an additional argument, not properly set forth as a point of error, that setting aside Tillman's conviction in 1CPC-22-0001280 would void the revocation of his probation in 1CPC-20-0000176 because his conviction was the sole basis for his probation revocation.

---

[4] While the State conceded error on point (4), it is not necessary to reach the issue in light of our resolution of this appeal.

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Tillman's first contention, regarding prosecutorial misconduct, which is dispositive, as follows.

Tillman contends that the prosecutor committed misconduct during closing argument by "characterizing [Tillman] as a 'mean,' 'nasty,' 'cruel' person, who she compared to a 'bully'" because these characterizations had "the sole purpose of igniting and inflaming the passions and prejudices of the jury against Tillman." Tillman did not object at trial, and we therefore review the prosecutor's alleged misconduct for plain error. "Because prosecutorial misconduct impacts the fundamental right to a fair trial, there is no difference between the plain error and harmless beyond a reasonable doubt standards of review." State v. Hirata, 152 Hawaiʻi 27, 31, 520 P.3d 225, 229 (2022) (citation omitted).

The record evidence includes conflicting testimony that Tillman was, by one account, the aggressor, and, by another, acting in self-defense. The CW testified that Tillman was "[v]ery hostile and aggressive," and that Tillman's actions were unprovoked. Tillman testified that he "nudged" the CW because the CW was "drunk in [Tillman's] face," that the CW "swung at [Tillman]" with his fist and "made contact with

[Tillman's] right shoulder," and that Tillman's intent in "nudging" the CW "was to stop [the CW] from harming [Tillman] again or attempting to harm [Tillman] again."

Two surveillance videos — Exhibits 7 and 8 — were introduced into evidence. The videos depict the incident from two different viewpoints, and were referenced throughout trial, including by the prosecutor during closing argument. Exhibit 7 shows Tillman using his hands to make contact with the CW's upper body, causing the CW to stumble backwards through the Maunakea Marketplace entrance area. Exhibit 8 shows the CW stumbling backwards out of the entrance area and falling on the sidewalk. The CW is then seen getting up, approaching the entrance, pausing at the entrance for a brief time to talk with Tillman (who appears briefly in camera view), and then walking down the sidewalk away from the store and Tillman on his own volition.

This court has previously observed that "to bully someone" means "to intimidate by threats or to domineer." State v. Faatea, No. CAAP-17-0000357, 2018 WL 3199236, at *4 (Haw. App. June 29, 2018) (SDO) (cleaned up) (quoting Webster's Third International Dictionary 295 (1961)). On this record, we cannot conclude that the evidence presented at trial allowed for a reasonable inference that Tillman was acting like a "bully," or that he was "mean," "nasty," or "cruel" to the CW. Tillman's

actions do not automatically give rise to the inference that Tillman meant to "intimidate by threats" or "to domineer" the CW. See State v. Basham, 132 Hawai‘i 97, 112, 319 P.3d 1105, 1120 (2014) ("Whether the evidence bears a logical and proximate connection to the point the prosecutor wishes to prove is perhaps the most obvious consideration in determining whether an inference is reasonable.") (cleaned up).

The words that the prosecutor used in closing argument to describe Tillman carried connotations beyond what was objectively supported by the evidence presented at trial. We therefore conclude that the prosecutor's personal characterization of Tillman as "mean," "nasty," "cruel," and comparing Tillman to "a bully" constituted, whether intended or not, an improper appeal to the passions of the jury. See State v. Underwood, 142 Hawai‘i 317, 326, 418 P.3d 658, 667 (2018) ("[P]rosecutors, like all attorneys appearing before a tribunal, are bound to refrain from expressing their personal views as to a defendant's guilt or credibility of witnesses.") (cleaned up); State v. Williams, 149 Hawai‘i 381, 394, 491 P.3d 592, 605 (2021) ("Even when the statements are not calculated to inflame the passions or prejudices of the jury, when the likely result is that the jury will be inflamed, the statements are prejudicial.") (citation omitted).

We further conclude that the prosecutor's misconduct was not harmless beyond a reasonable doubt, and that the Judgment of Conviction must therefore be vacated. See Hirata, 152 Hawaiʻi at 31, 520 P.3d at 229 ("After considering the nature of the prosecuting attorney's conduct, promptness or lack of a curative instruction, and strength or weakness of the evidence against the defendant, a reviewing court will vacate a conviction if there is a reasonable possibility that the conduct might have affected the trial's outcome.") (citation omitted).

The surveillance videos, which are the only neutral, objective evidence in the record, do not depict the circumstances leading up to Tillman's physical contact with the CW. Tillman and the CW gave conflicting testimony, in which both claimed that the other was the aggressor and instigator of the altercation. Under these circumstances, we cannot conclude that there was no reasonable possibility that the prosecutor's misconduct might have affected the trial's outcome. Therefore, the Judgment of Conviction must be vacated and the case remanded for a new trial.

Given our conclusion as to the prosecutor's misconduct during closing argument, we decline to reach Tillman's contentions as to hearsay, ineffective assistance of counsel, and the circuit court's abuse of discretion in imposing his sentence in 1CPC-22-0001280.

Because we vacate Tillman's Judgment of Conviction in 1CPC-22-0001280, we also vacate the circuit court's Resentencing Order in 1CPC-20-0000176 that revoked Tillman's probation on the basis of his conviction in 1CPC-22-0001280.

For the foregoing reasons, we vacate the Judgment of Conviction and remand for a new trial in 1CPC-22-0001280.  We vacate the Resentencing Order in 1CPC-20-0000176 and remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawaiʻi, March 12, 2025.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge